UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR MALDONADO,

                       Petitioner,

     -against-

UNITED STATES OF AMERICA,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

16cv5186

12cr929

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Pro se Petitioner Victor Maldonado brings this habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, Maldonado's petition is denied.

## BACKGROUND

        In March 2013, Maldonado pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Criminal ECF No. 5; Criminal ECF No. 17, at 15–17.)[1] Because 18 U.S.C. § 922(g)(1) carries a statutory maximum penalty of 120 months, see 18 U.S.C. § 924(a)(2), Maldonado's effective U.S. Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")[2] range was 110–120 months. (Criminal ECF No. 23 ("Sentencing Hearing Tr."), at 3; PSR ¶¶ 88–89 .) In June 2013, this Court sentenced Maldonado principally to a 72-month term of imprisonment followed by a three-year term of supervised release. (Sentencing Hearing Tr. at 11–13.)

---

[1]     Citations to "Criminal ECF No." refer to the criminal proceeding against Maldonado, case number 12-cr-929. Citations to "ECF No." refer to this proceeding.

[2]     At the time of Maldonado's sentencing, the 2012 Sentencing Guidelines were in effect.

In October 2016, this Court stayed Maldonado's petition pending the Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544). (ECF No. 3.) Following the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), this Court lifted the stay. (ECF No. 4.)

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). But "[a] motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) (citing United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)). Collateral challenges conflict with "society's strong interest in the finality of criminal convictions" and defendants are, therefore, subject to a higher bar "to upset a conviction on a collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks omitted). To prevail, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quotation marks omitted).

Because Maldonado is proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (2011) (per curiam); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). And this Court must liberally construe his papers "to raise the strongest arguments that they suggest." Green, 260 F.3d at 83 (quotation marks omitted).

DISCUSSION

Maldonado argues that (1) his due process rights were violated because the "enhancement" for prior convictions under U.S.S.G. § 4A1.1(b) is "unconstitutionally vague," and (2) the base offense level assigned under § 2K2.1(a)(2) is "illegal." (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, at 5–6.)

The Due Process Clause ensures "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A statue violates the Due Process Clause if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) (citing Kolender v. Lawson, 461 U.S. 352, 357–58 (1983)).

In Johnson, the Supreme Court held that the residual clause enhancing a defendant's sentence under the Armed Career Criminal Act ("ACCA") violated the Fifth Amendment's Due Process Clause. 135 S. Ct. at 2557. Under the ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces an enhanced sentence if he has three prior convictions for a "violent felony." See 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA's residual clause includes any felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court held this residual clause was unconstitutionally vague. By "combining indeterminacy about how to measure the risk posed by the crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony," the Supreme Court held that any increase to a sentence under that clause "violate[d] the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2558, 2563.

Maldonado does not challenge this Court's calculation of his criminal history category under U.S.S.G. § 4A1.1(b).  Nor does he argue that U.S.S.G. § 2K2.1(a)(2) was misapplied based on his prior felony convictions.  Instead, Maldonado asserts that U.S.S.G. §§ 4A1.1(b) and 2K2.1(a)(2) are void-for-vagueness under <u>Johnson</u>.  However, <u>Johnson</u>'s void-for-vagueness holding does not apply to the Sentencing Guidelines.  In <u>Beckles</u>, the Supreme Court held that the residual clause defining "crimes of violence"—similar to "violent felony" from the ACCA—was not unconstitutionally vague because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ."  137 S. Ct. at 890.  Consequently, <u>Beckles</u> forecloses both of Maldonado's arguments.

## CONCLUSION

For the foregoing reasons, Maldonado's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.  Because Maldonado has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  <u>See</u> 28 U.S.C. § 2253(c).  The Clerk of Court is directed to terminate all pending motions and mark this case as closed.  A copy is being mailed by Chambers staff to Petitioner.

Dated: April 23, 2020
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.